CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 1 7 2007

JOHN F. CORCORAN, CLERK
BY: _____
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **PATRICIA GONZALEZ** | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:07-cv-00222** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **By: Hon. James C. Turk** |
| **Respondent.** | ) | **Senior United States District Judge** |

*Patricia Gonzalez, Petitioner Pro Se; Anthony P. Giorno, Assistant United States Attorney, for Respondent*

Patricia Gonzalez, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The case is presently before the Court on the respondent's motion to dismiss. Upon review of the submissions of the parties and the underlying criminal record, the Court will grant the respondent's motion.

### Factual and Procedural Background

Gonzalez plead guilty, pursuant to a written plea agreement, to possession with intent to distribute between 50 and 150 grams of methamphetamine and between 100 and 400 kilograms of marijuana, in violation of 21 U.S.C. § 846. In Section H of the plea agreement, Gonzalez waived her right of appeal to any issue in her case and further waived "any right I may have to collaterally attack any sentence imposed in any future proceeding, including but not limited to my rights, if any, under 28 U.S.C. §2255." In this section, Gonzalez affirmed that she understood and agreed that while she was waiving her right to appeal her sentence, the United States did not waive its right of appeal.

In Section J, Gonzalez waived any claim she may have had for ineffective assistance of counsel not raised by her with the Court at the time of sentencing. In Section L, paragraph 6 of

the agreement, Gonzalez reserved the right to seek a downward departure from her sentence pursuant to Section 5H1.4 of the Guidelines for extraordinary physical impairment to her health, but acknowledged that the government had advised that it would object to any such departure. In Section L, paragraph 9, Gonzalez stipulated that she had not been promised anything other than the terms of the plea agreement. Gonzalez initialed each page of the plea agreement and signed the final page. By signing the plea agreement, Gonzalez affirmed that she was aware of all of the possible consequences of her plea and that she independently decided to enter the plea on her own free will.

During the plea hearing, the Court conducted a thorough Rule 11 colloquy. See Fed. R. Crim. P. 11. Gonzalez stated under oath that she attended school through high school, and that her ability to understand the proceedings was not impaired by any illness or substance. (Plea Hearing Tr. at 4). Judge Turk established that Gonzalez was aware of the charges against her and understood that a conviction carried a mandatory minimum imprisonment term of ten (10) years. (Tr. at 3, 5).

The Court specifically inquired as to whether Gonzalez was voluntarily pleading guilty and was satisfied with her attorney's representation. Gonzalez affirmed that she was pleading guilty "voluntarily, of her own volition, free from threats, promises, compulsion, or duress," and that no one "made any promises outside of the plea agreement to induce a guilty plea." (Tr. at 6). She also affirmed that she was "totally and completely satisfied" with the legal services her attorney rendered her and the way he handled her case. (Tr. at 6).

During the colloquy, Gonzalez was questioned regarding her understanding of the plea agreement. She affirmed that she understood the agreement and that she knew she was waiving

2

her right to a trial, her right to appeal her sentence if sentenced within the guideline range, and her right to collaterally attack the judgment by way of <u>habeas corpus</u>. (Tr. at 9, 14). She also affirmed that she understood that the government could appeal her sentence if the Court sentenced her below the guidelines. (Tr. at 10). Nevertheless, Gonzalez stated that she wanted to plead guilty. (Tr. at 12). At the conclusion of the plea hearing, the Court found that Gonzalez understood the nature of the offense to which she was pleading guilty and that she was pleading guilty voluntarily and of her own volition, free from threats, promises, compulsion, or duress. (Tr. at 13).

The Court held a sentencing hearing on January 18, 2005. The Court adopted the provisions of the presentence report in their entirety, granted the government's Motion for Substantial Assistance, and gave Gonzalez credit for time served. The Court departed downward from the statutory minimum term of 120 months, and sentenced Gonzalez to a term of imprisonment of 84 months.

The United States appealed Gonzalez's sentence to the Fourth Circuit. In its opinion, the Fourth Circuit held that without a motion from the government for a downward departure pursuant to 18 U.S.C. § 3553(e), the court was not free to sentence Gonzalez below the statutorily mandated minimum. <u>United States v. Gonzalez</u>, No. 05-4176, 2005 WL 2764749 (4th Cir. Oct. 26, 2005). The Fourth Circuit vacated the 84 month sentence and remanded the case to this Court for re-sentencing. <u>Id</u>. at *4. Pursuant to the Fourth Circuit's opinion, this Court re-sentenced Gonzalez on June 13, 2006 for a period of 120 months incarceration.

Gonzalez filed the instant Motion to Vacate, Set-Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, on April 30, 2007, seeking relief on the following grounds:

3

1) Extraordinary physical impairment;

2) Extraordinary family circumstances; and

3) Ineffective assistance of counsel.

The United States filed a Motion to Dismiss on August 13, 2007. On August 14, 2007, the Clerk of Court sent Gonzalez a notice of the government's motion to dismiss pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), in which she was notified of his opportunity to file a response to the government's motion within twenty days. Gonzalez subsequently filed a response to the government's motion on August 27, 2007. Accordingly, the government's motion is ripe for review.

### Standard of Review for Claims Brought Under 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the Court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) her sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 (2000).

4

When deciding whether an evidentiary hearing is necessary to resolve a § 2255 motion contesting a guilty plea, "a court must determine 'whether the petitioner's allegations, when viewed against the record of the Rule 11 plea hearing, were so palpably incredible, so patently frivolous or false as to warrant summary dismissal.'" United States v. White, 366 F.3d 291, 296 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 76 (1977)). "Only if a petitioner's allegations can be so characterized can they be summarily dismissed." Id.

The Fourth Circuit has emphasized that "a defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity.'" Id. at 295 (quoting Blackledge, 431 U.S. at 74). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations omitted).

If a district court determines that a petitioner knowingly and voluntarily waived her collateral attack rights, and that the petitioner's claims fall within the scope of that waiver,[1] the court must dismiss the § 2255 motion without addressing the merits of those claims. See id, at 222.

---

[1] The Fourth Circuit has recognized a narrow class of claims that fall outside the scope of a valid waiver of appellate or collateral attack rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the complete denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory minimum, or the imposition of a sentence based on a constitutionally impermissible factor such as race, fall outside the scope of the waiver. See United States v. Blick, 408 F.3d 162, 171 (4th Cir. 2004); United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994); Lemaster, 403 F.3d at 220 n. .2; United States v. Embree, 169 Fed. Appx. 761, 762 (4th Cir. 2006).

5

## Discussion

1. <u>Gonzalez's § 2255 waiver is valid</u>

The United States Court of Appeals for the Fourth Circuit has held that a waiver of collateral-attack rights is valid as long as the waiver is knowing and voluntarily made. <u>Lemaster</u>, 403 F.3d at 220. The determination of whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused." <u>United States v. Davis</u>, 954 F.2d 182, 186 (4th Cir. 1992).

Having reviewed the record in this case, the Court agrees with the United States that Gonzalez knowingly and voluntarily waived her right to collaterally attack her conviction and sentence. Gonzalez initialed every page of the plea agreement, including the page containing the waiver of collateral-attack rights. By signing the plea agreement, Gonzalez affirmed that she understood the plea agreement's terms and independently decided to enter a guilty plea of her own free will. Moreover, Gonzalez's testimony at the plea hearing conclusively establishes that she understood the terms of the plea agreement, including the waiver of collateral attack rights, and that her guilty plea was made knowingly and voluntarily.

2. <u>Gonzalez's claim of extraordinary family circumstances and extraordinary physical impairment are barred by the § 2255 waiver</u>

Gonzalez asserts that she entered her plea agreement with the impression that she would receive a downward departure under Section 5H1.4[2] of the United States Sentencing Guidelines for extraordinary physical impairment. She states that she is fifty-six years old, suffers from

---

[2] In her memorandum in support of her § 2255 motion, Gonzalez incorrectly cites U.S.S.G. 5H1.1 as the Sentencing Guideline section dealing with extraordinary physical circumstances.

6

severe physical ailments, such as high blood pressure, type II diabetes, stenosis in the back, poor circulation, high cholesterol, and poor vision, and has undergone three previous back surgeries and a gastric bypass surgery. She also states that she takes several medications to treat her ailments and that because of her extraordinary physical circumstances, she should have received a lesser sentence.

Gonzalez also asserts that she was entitled to a downward departure due to extraordinary family circumstances. She claims that she has five children, the youngest of which resided with Gonzalez prior to her imprisonment and was dependent upon her for financial support. She asserts that her children are dependent upon their mother and need their mother home for their mental stability, which has been negatively effected by her incarceration.

The Court has already determined that Gonzalez's guilty plea and waiver of collateral-attack rights were knowing and voluntary. While Gonzalez's claims of extraordinary family circumstances and extraordinary physical impairment may be sincere, they do not challenge the validity of the plea agreement, nor do they fall within the narrow class of claims that have been found to fall outside the scope of a valid waiver.[3] Furthermore, Gonzalez's claim that she entered the plea agreement with the belief that she would receive a downward departure for extraordinary circumstances is contradicted by her signed plea agreement, in which she affirmed that she "reserved the *right to seek* a downward departure . . . pursuant to Guideline Section 5H1.4." (Plea Agreement at 5, emphasis added).[4] Accordingly, Gonzalez's first and second

---

[3] See footnote 1, infra.

[4] Similarly, at the plea hearing, Gonzalez's attorney informed the court that he was reserving the right to move for a departure from the Guidelines for medical reasons, although the government reserved its right to object to such a motion. (Plea Tr. at 15).

7

grounds for relief are barred by her valid § 2255 waiver and must be dismissed.

### 2. Gonzalez's ineffective assistance of counsel claim is barred by waiver and by her testimony at the plea hearing

Gonzalez alleges that she received ineffective assistance of counsel because her attorney did not advise her that the government could or might appeal the downward departure granted by the Court, and because her attorney did not advise or of the "pros and cons" of the plea. These allegations directly contradict her affirmations in the plea agreement and her sworn statements during the plea hearing.

Gonzalez agreed in her plea agreement "to waive any claim [she] may have for ineffective assistance of counsel not raised by [her] with the Court at the time of sentencing." Gonzalez's testimony at the plea hearing that she was satisfied with her attorney's services and was voluntarily agreeing to the plea agreement's terms establishes that she understood the terms of this waiver and that the waiver was made knowingly and voluntarily. Gonzalez did not raise any claims for ineffective assistance of counsel with the Court at the time of sentencing; rather, when asked if there was anything she would like to tell the Court, Gonzalez spoke of her family and her health, and apologized to the Court and her family and friends for her poor decisions. (Sent. Tr. at 29-32).

Furthermore, Gonzalez's allegations of ineffective assistance of counsel directly contradict her affirmations in the plea agreement and her sworn statements during the plea hearing. While Gonzalez claims that her attorney did not warn her that the government could or might appeal the downward departure granted by the Court, by signing her plea agreement, Gonzalez affirmed that she understood that the government retained its unrestricted right to

8

appeal her sentence. Additionally, at the plea hearing, Gonzalez affirmed that she understood that the government could appeal her sentence if the Court sentenced her below the guidelines. Likewise, while Gonzalez asserts that her attorney did not advise her of the "pros and cons" of the plea, Gonzalez testified during the plea hearing that she wished to enter a guilty plea and that she understood the consequences of entering a guilty plea, such as the waiver of her right to appeal and right to collaterally attack her sentence. Accordingly, the Court concludes that Gonzalez's allegation of ineffective assistance of counsel is "palpably incredible and patently frivolous or false," Lemaster, 403 F.3d at 222, and will be dismissed.

## Conclusion

For the reasons stated, the Court will grant the respondent's motion to dismiss. The Clerk is directed to send copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER:** This _17th_ day of October, 2007.

Senior United States District Judge

9